UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:14-cr-3-ART-EBA-4

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

v.                              **MAGISTRATE JUDGE'S**
                          **REPORT AND RECOMMENDATION**

JONATHAN JOHNSON,                                                           DEFENDANT.
                                * * * * * * * * * *

       This matter came before the Court for a final revocation hearing on May 16, 2016, based upon two alleged violations of Defendant Jonathan Johnson's supervised release, as set forth in the January 25, 2016 Violation Report.  At the hearing, Johnson was present and represented by CJA-appointed counsel James Wiley Craft, II, and the United States was represented by and through Assistant U.S. Attorney Jason D. Parman.  During the hearing, Johnson stipulated to the two violations outlined in the report, waived his right of allocution before a U.S. District Judge, and exercised his right of allocution before the undersigned.  Upon agreeing that Defendant has made progress in treating his addiction and has otherwise complied with the conditions of release, the parties each recommended that Defendant be permitted to remain on supervision, but that he be required to complete in-patient substance abuse treatment at WestCare center, and further recommended that his original term of supervision resume once this treatment is complete.

       For the reasons set forth below, the undersigned finds Defendant Jonathan Johnson guilty of the violations outlined in the January 25, 2016 Violation Report, recommends that he receive a sentence of time served, but be permitted to remain on supervised release subject to the

1

requirement that Defendant complete in-patient treatment at WestCare center, and further recommends Defendant's original term of supervision resume upon completion of his in-patient treatment.

<u>FINDINGS OF FACT</u>

Defendant Jonathan Johnson pled guilty to both violations set forth in his January 25, 2016 violation report. Defendant admitted to taking an unprescribed Hydrocodone pill and consequently yielding a positive test result for opiates. Additionally, Defendant admitted to possession of Hydrocodone by virtue of the fact that he took the pill. As a result of these admissions, the Court finds by a preponderance of evidence that Johnson has violated the following conditions of supervised release:

FROM THE VIOLATION REPORT OF JANUARY 25, 2016:

(1) Violation No. 1: Standard Condition #7: *The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician.* On January 12, 2016, Johnson provided a urine specimen which yielded a positive test result for Opiates (Hydrocodone) (Grade C Violation);

(2) Violation No. 2: Supervised Release Condition: *The defendant shall not commit another federal, state, or local crime.* Hydrocodone is a Schedule II controlled substance, pursuant to the Controlled Substance Act. Due to the Sixth Circuit Court of Appeals' finding that use equals possession, combined with the offender's prior drug conviction, his simple possession of Hydrocodone constitutes conduct which would result in a violation of 21 U.S.C. § 844(a), a class E felony (Grade B Violation).

2

<u>ANALYSIS</u>

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(I) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.**   On November 19, 2014, Jonathan Johnson was sentenced to seven (7) months imprisonment, to be followed by a term of ten (10) years supervised release, following a guilty plea to Conspiracy to Distribute Cocaine, in violation of Title 21 U.S.C. § 846. Given the standard conditions of release adopted by the Eastern District of Kentucky, along with a number of special conditions, Defendant began his term of supervision through the Probation Office in Pikeville, Kentucky on February 12, 2015.

On September 3, 2015, the Court received report that Johnson tested positive for Xanax, an unprescribed medication.  Following the Probation Office's recommendation, the Court took no action at that time.  Then, on January 25, 2016, the Court received the most recent Violation Report documenting the present violations; on January 12, 2016, two U.S. Probation Officers arrived at Johnson's residence to conduct a home inspection and collect a urine sample.  Despite being unable to immediately locate Defendant, his family members who had allowed the officers into the residence stated they thought Johnson was home at the time, and may have walked into the bathroom.  However, following an inspection of the bathroom and Johnson's bedroom, the officers determined Defendant either fled out a back window or was hiding somewhere.  The reporting officer then recounted that, during a previous home inspection attempt on September 4, 2015, he had similarly been unable to locate Johnson.  Accordingly, the officer believed that Johnson was hiding somewhere in the residence, as he had perhaps done previously, and

3

requested a family member unlock a bedroom door in the back of the residence.  Upon entry into this unlocked bedroom, officers found Defendant hiding under the bed, who advised he was hiding because he did not want officers to "test him."  Upon giving a urine specimen via an instant testing device, Defendant tested positive for opiates, and verbally admitted to previously using an unprescribed Norco tablet (which contains Hydrocodone), before signing the positive urinalysis report.

The matter was originally called for a final revocation hearing on February 11, 2016, see [R. 131], but at the hearing, the parties advised the Court that they had reached an agreement which would permit Defendant to remain on supervised release under the condition that he attend and fully complete a 90-day in-patient substance abuse treatment at WestCare center.  Based upon this agreement, the Court granted Defendant's oral motion to continue the matter, and rescheduled the final revocation hearing for May 16, 2016.  On February 17, 2016, Defendant was released to a family member for transport to WestCare, to begin his mandatory 90-day program.  [Id.].

At the final revocation hearing on May 16, 2016, Defendant pled guilty to both violations and exercised his right of allocution before the undersigned.  During closing arguments, the Government stressed that Defendant has been productively working with the U.S. Probation Office, and despite his prior attempts to avoid officers who visited his residence, Defendant has made great strides in the right direction.  The Government concluded that, under the totality of the circumstances, the approximately 16 days Defendant has already served suffices as a punitive response to his violations, and he would generally be better served where permitted to remain on supervision to undergo additional treatments.  Defense counsel concurred that Defendant's in-

4

patient substance abuse treatment with WestCare has been very successful to date, and stressing that Defendant remains entirely drug-free today.  Defense reiterated that, where the main issue underlying the violations – namely, Defendant's substance abuse – is actively being addressed, the Government's recommendation that he continue supervision, subject to the requirement that he complete in-patient treatment at WestCare, is the most appropriate course of action.

**(II) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.**  Defendant has a criminal history category of II, and his most serious violation constitutes a Grade B Violation.  In making a recommendation, while cognizant that this is not the first time the Court has received report of his alleged violations of supervision, the undersigned is persuaded that Defendant has demonstrated an ability to succeed, particularly in terms of avoiding further substance abuse.  Defendant's in-patient treatment with WestCare, where he continues to receive treatment, has apparently been quite productive and successful in treating his addictions.   The undersigned will accordingly recommend that Defendant be permitted to see this treatment through to its completion, in hopes of further encouraging his recent growth and progress.  Based upon the evidence presented at the final hearing, and in light of the parties' agreement that Defendant be allowed to continue supervision following in-patient treatment, the Court is persuaded that an additional term of incarceration is unwarranted at this time, due to Defendant's progress in terms of substance abuse treatment and his avoiding additional violations.

**(III) The sentencing guideline recommendation for imprisonment and statutory limitations.** According to U.S.S.G. § 7B1.1, Defendant's violation is a Grade B Violation. His criminal history category established at sentencing is a Category II. Accordingly, the revocation guidelines call for an imprisonment range of six (6) to twelve (12) months. The original offense is a Class C felony. Pursuant to 18 U.S.C. § 3583(e)(3), the maximum term of imprisonment which can be imposed upon revocation is not more than two (2) years. There is no maximum term for re-imposition of supervised release, pursuant to 21 U.S.C. § 841(b)(1)(C).

<u>RECOMMENDATION</u>

In making a recommendation, the undersigned has considered the facts set out above in accordance with controlling law, the Defendant's past and continuing criminal conduct, the nature of the instant violations, and the parties' recommendations regarding the outcome of this matter. For the reasons stated herein, IT IS HEREIN RECOMMENDED that:

(1)  Defendant Jonathan Johnson be found GUILTY of the two violations set forth above, based upon his testimony and stipulation;

(2)  He be sentenced to time served, but that his supervised release NOT BE REVOKED;

(3)  Defendant COMPLETE in-patient substance abuse treatment at WestCare center; and

(4)  Following the completion of his in-patient treatment at WestCare, Defendant SHALL RESUME his original term of supervision which began on February 12, 2015.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. <u>United States v. Campbell</u>, 261 F.3d 628, 632 (6th Cir. 2001); <u>Bituminous Cas. Corp. v. Combs Contracting Inc.</u>, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a

judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed May 17, 2016.

Signed By:

*Edward B. Atkins*

United States Magistrate Judge